a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DEKARIUS EDWARDS, Plaintiff | CIVIL ACTION NO. 1:17-CV-1416-P |
| VERSUS | JUDGE DEE D. DRELL |
| LT. STINES, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. § 1983) filed by pro se Plaintiff Dekarius Germane Edwards (#453433) ("Edwards"). Edwards was granted leave to proceed *in forma pauperis*. (Doc. 4). Edwards is being detained at the Natchitoches Parish Detention Center ("NPDC") in Natchitoches, Louisiana. Edwards complains NPDC officials failed to protect him from an attack by other inmates. Edwards names as defendants the 10 inmates that attacked him, as well as nine NPDC officers. (Doc. 1, p. 11).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I. Background

Edwards alleges he notified Lt. Sines, Sgt. Metoyer, Officer Gay, Officer Jordan, Sgt. Ables, Officer Scott, Officer Bernstine, Officer Earp, and Officer Stetson that he needed to move out of his assigned dorm because he was going to be attacked

by a group of 10-15 inmates. Edwards claims his requests were ignored. Edwards's sister also called NPDC to notify officers of the impending attack. (Doc. 1, p. 3).

On the day of his attack, Edwards and another inmate "stood at the window in the dorm . . . hitting the window and begging the officers to get [Edwards and the other inmate] out of the dorm." (Doc. 1, p. 12). After banging on the window for an hour, Lt. Sines called Edwards out into the hall. Edwards informed Lt. Sines again that he was going to be attacked by 10-15 inmates. Lt. Sines replied there was nowhere to put Edwards and the other inmate, and Edwards would not be moved unless a "Code Blue" was called. (Doc. 1, p. 12). Lt. Sines ordered Edwards to return to the dorm. (Doc. 1, p. 12). Shortly thereafter, Edwards and the other inmate were attacked by 10-15 inmates. (Doc. 1, p. 12). The assailants kicked Edwards and hit him with socks containing padlocks. (Doc. 1, p. 12).

Edwards was brought to the medical department after the attack. Edwards complained of bruises to the head and possible broken ribs, but he was not provided medical care. Edwards was written up for aggravated fighting and placed in lockdown. Eventually, the disciplinary charge was dropped.

II. Law and Analysis

    A. Edwards's complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Edwards is a prisoner who has been allowed to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Edwards's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam).

Because he is proceeding *in forma pauperis*, Edwards's complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

### B.    Edwards cannot state a § 1983 claim against other inmates.

Edwards names ten inmate assailants as defendants, and asks that they be criminally prosecuted. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States. The plaintiff must also show that the alleged deprivation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted). A plaintiff may satisfy the "under color of state law" requirement of § 1983 by proving that the conduct causing the deprivation is fairly attributable to the state. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). "Fair attribution" requires that: (1) the deprivation is caused by the exercise of a state-created right or privilege, by a state-imposed rule of conduct, or by a person for whom the state is responsible; and (2) the party charged with the deprivation may be fairly described as a state actor. Id.

Edwards's allegations do not indicate that the 10 inmate assailants were acting under color of state law at any time. Because the inmates are not state actors, the § 1983 claim against them should be dismissed.

Additionally, there is no constitutional right to have a person criminally prosecuted. See Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990). The prosecution of criminal actions in the Louisiana courts is a matter solely within the discretion of the Louisiana Attorney General and the various district attorneys. See La. Code Crim. Proc. art. 61.

### III. Conclusion

For the forgoing reasons, IT IS RECOMMENDED that Edwards's § 1983 claim against the following ten inmates be DENIED and DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A: Victor Taylor, Andrew Wallace, Merrick Pikes, Jermaine Lacour, Joshua Lacour, Gordon Lacour, Quintreyveus Jackson, Demontre Jackson, Randy Bradley, Kenneth Bryan. Edwards's claim against the remaining defendants will be served pursuant to a separate order.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14)

days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __4th__ day of January, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge